(96 South. 414)

**YARBROUGH BROS. HARDWARE CO. v. PHILLIPS, Tax Collector. (8 Div. 555.)**

(Supreme Court of Alabama. April 26, 1923.)

1. Taxation ☞507—Indebtedness to taxpayer held property owned by him within statute creating lien thereon for payment of taxes assessed against him; "property;" "personal property."

The definitions, in section 1 of the Revenue Law of 1919, of the terms "property" as personal property and "personal property" as meaning and including all things other than real property which have any pecuniary value, to be followed whenever such terms are employed in the act, include indebtedness to a

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

taxpayer, and such indebtedness is property owned by a taxpayer on which section 416 creates a prior lien for payment of taxes assessed against him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property; Property.]

**2. Statutes ☜245—Revenue statutes strictly construed in favor of citizen.**

Revenue statutes are strictly construed in favor of the citizen or property owner.

**3. Taxation ☜510—Statutory lien for taxes on debt to taxpayer asserted by collector in garnishment held subordinate to lien of antecedently executed writ in favor of judgment creditor.**

The prior lien imposed by section 416 of the Revenue Law of 1919, providing that from and after the 1st day of October of each year, when property becomes assessable, the state shall have a lien upon each and every piece or parcel of property owned by any taxpayer for the payment of all taxes which may be assessed against him, is designed to secure payment of taxes for a particular tax year by subjecting to the lien property acquired by the taxpayer during that year, as well as that owned by him at the beginning thereof, but is annual in character and effectiveness, and is not imposed on property newly acquired during another year to insure payment of taxes of the previous year; and hence taxes due for a certain tax year were not secured by a lien thereunder on a debt due to a taxpayer not existing until after such year had expired, and the lien for such taxes on such debt asserted in garnishment by a tax collector is subordinate to the lien of an antecedently executed writ issued at the instance of a judgment creditor.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Garnishment by the Yarbrough Bros. Hardware Company and T. M. Phillips, as Tax Collector, against Isham D. Hobbs, with the American Cotton Oil Company, garnishee. From a judgment holding the lien of the Tax Collector superior, the Yarbrough Bros. Hardware Company appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Betts & Richardson, of Huntsville, for appellant.

Where a statutory provision makes taxes a lien on particular property, it will not be extended, so as to affect other kinds of property. 37 Cyc. 1140. Property acquired by the taxpayer after the close of the tax year is not subject to lien for that year's taxes. Acts 1919, p. 449.

Douglass Taylor, of Huntsville, for appellee.

No brief reached the Reporter.

McCLELLAN, J. The appellant, Yarbrough Bros. Hardware Company, recovered judg-ment against Isham D. Hobbs for approximately $1,500. Subsequent to the rendition of this judgment, the appellant caused writ of garnishment to be served on the American Cotton Oil Company; its answer admitting an indebtedness to Hobbs for $682.50 and suggesting the Lookout Oil & Refining Company as claimant of the fund to the extent of $400, the garnishee later paying the fund into court. In virtue of the authority conferred on tax collectors by sections 208, 209, of the Revenue Law of 1919 (Gen. Acts 1919, p. 345) in the collection of taxes, the tax collector of Madison county also issued writ of garnishment to the American Cotton Oil Company; its answer consisting with the answer the company made in response to the other writ and noting the payment of the money into court.

These causes were consolidated, and on the hearing the court pronounced the lien for taxes, admittedly unpaid by Hobbs, superior to that of the appellant, the judgment plaintiff, and to the claim of the Lookout Oil & Refining Company. Yarbrough Bros. Hardware Company alone appeals.

[1-3] The taxes unpaid by Hobbs were for the tax year 1920–21, the tax year beginning October 1, 1920. The indebtedness the American Cotton Oil Company was due Hobbs was for cotton seed—grown during the crop year 1921—sold in November, 1921, by Hobbs to that company. The Lookout Oil & Refining Company claimed $400 of the fund on account of money advanced by it to Hobbs to buy the seed sold to the American Company. It thus appears that the indebtedness of the garnishee to Hobbs was created after the tax year 1920–21 had expired, the tax year for which Hobbs' unpaid taxes were sought through the process of garnishment issued by the tax collector, the appellee. The process of garnishment provided by sections 208, 209 (cited ante), issuable by tax collectors against debtors of delinquent taxpayers, renders subject thereto indebtedness of the character the American Company was due Hobbs, a delinquent taxpayer. The service of the writ of garnishment upon Hobbs' debtor imposed a lien in judgment plaintiff's favor, on the fund or debt (Calhoun v. Whittle, 56 Ala. 138, 143; Bloch Bros. v. Liverpool, etc., Co., 208 Ala. 523, 94 South. 562, 565), precedent in point of time to the service of writ of garnishment by the tax collector. Unless the section of the Revenue Law of 1919 to be quoted provides otherwise, the lien of the antecedently executed writ of garnishment—issued at the instance of the judgment plaintiff (appellant)—had precedence over any lien, on this indebtedness, the state and county may have possessed for unpaid taxes due from Hobbs. The section mentioned, so far as presently important, reads:

"Sec. 416. From and after the 1st day of October of each year, when property becomes assessable the state shall have a lien upon each and every piece or parcel of property owned by any taxpayer for the payment of all taxes which may be assessed against him and upon each piece and parcel of property real or personal assessed to owner unknown which lien shall continue until such taxes are paid, and the county shall have a like lien thereon for the payment of the taxes which may be assessed by it. * * * These liens shall be superior to all other liens and shall exist in the order named and each of such liens may be enforced and foreclosed by sale for taxes as provided in this act, or as other liens upon property are enforced."

The definitions of the terms property and personal property, given in section 1 of the Revenue Law of 1919 (Gen. Acts 1919, p. 282), include the class or character of property to which this garnishee's indebtedness to Hobbs belonged. Revenue statutes are accorded strict construction in favor of the citizen or property owner. 36 Cyc. 1189–90. It was the design of the quoted section to impose, at the very beginning of the tax year—viz. October 1st of each tax year—a lien, in favor of the state and county, upon all properties owned by taxpayers for "all taxes which may be assessed against him" or against owners unknown. The legislative intent, expressed in section 416, was to subject to this law-imposed prior lien all properties in the state that may be assessed for taxation for the particular tax year, and the measure of the lien thus created is the amount of the taxes demandable for the tax year upon the assessment so made for that tax year. There is in the section (416) no indication of legislative purpose to impose the prior lien thereby provided upon property a taxpayer acquires or that comes into existence during a succeeding tax year. The lien imposed is designed to secure and to assure the payment of taxes for a particular tax year by subjecting to the lien property owned by the taxpayer at the beginning of the tax year as well as properties acquired or owned by taxpayers during the particular tax year. The prior lien created by section 416 is annual in character and effectiveness, and the lien for one tax year is not imposed upon properties newly acquired during another tax year to assure the payment of taxes of a previous tax year. The indebtedness of the American Cotton Oil Company to Hobbs not having come into existence until after the tax year 1920–21 had expired, the taxes due from Hobbs, a delinquent, for the tax year 1920–21 were not secured by a lien upon such debt or fund. This construction of the intent and effect of section 416 of the 1919 Revenue Law requires the conclusion that the trial court erred in adjudging that the appel-lant's lien was subordinate to that asserted by the tax collector.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.