142 So. 113

## WATERS v. STATE.

### 4 Div. 906.

Court of Appeals of Alabama.
May 10, 1932.

Rehearing Denied May 24, 1932.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, J.

The charge against the defendant is as follows:

"The State of Alabama, by its Solicitor, complains of Forrest Ernest Waters, that, within twelve months before the commencement of this prosecution, he did commit the offense of unlawfully operating, without first having obtained a legal and sufficient tag or

tags, or privilege license therefor, one 1931 model Chevrolet motor truck, rated, according to standards and usages, by manufacturers of said truck and like trucks, then prevailing in said county and·state, as a one and one-half ton truck, with a one axle and·two wheels trailer permanently attached to the rear of said truck by a king-pin, then being used with said truck, the truck and trailer combined having three axles and six wheels, all constructed as required by law, and the axles and wheels, when running, following each other as was then provided, and within the regulations, requirements and rules prescribed therefor by law in Alabama, which truck, with said trailer so attached, burned and used therein exclusively motor fuels on which the excise tax imposed by the State of Alabama had been paid; or motor fuels which will be included in the reports required by law to be made to the State Tax Commission of Alabama of motor fuels sold or stored in Alabama, on which the Alabama State excise tax on motor fuel will be paid when due, along, in, over and upon the public highways of said county and state, which neither the State Highway Commission of Alabama nor the Commissioner's Court, or Board of County Commissioners of Dale County, Alabama, have excepted from the statutory regulations in Alabama of highways of Alabama by limiting or reducing the load or tonnage permitted by Alabama statutes to be carried by trucks along said highways in that: Although he, said Forrest Ernest Waters, on the 1st day of October, 1931, legally returned said truck with said trailer so attached to the Tax Assessor of Dale County, Alabama, for assessment of the ad valorem·taxes thereon upon which said Tax Assessor legally assessed the ad valorem taxes upon said truck, with said trailer so attached, and thereafter, on the 1st day of October, 1931, said Forrest Ernest Waters paid in full said ad valorem taxes so assessed to the Tax Collector of Dale County, Alabama; and, although said Forrest Ernest Waters, after paying said ad valorem taxes as aforesaid, on the 1st day of October, 1931, applied to the Judge of Probate of Dale County, Alabama, for, and obtained from him a one and one-half ton license tag for said truck, also a license tag for said trailer so attached, for which he paid said Probate Judge respectively, $23.00 for said truck license tag, and $11.75 for said trailer tag, the same being the amounts respectively required by law as privilege license or tax for the procurement of said truck tag and said trailer tag, to authorize him, said Forrest Ernest Waters to operate said truck as a one and one-half ton truck, with said trailer so attached, along, in, over and upon the highways in Dale County, Alabama; and although he, said Forrest Ernest Waters, attached said truck license tag as required by law to said truck, for a one and one-half ton truck, and attached said trailer tag as required by law to said trailer, when so attached to a one and one-half ton truck as required by law in such cases, and said tags, so attached, were displayed and exhibited as required by law for such tags, upon a one and one-half ton truck and upon a trailer attached to a one and one-half ton truck, on the 2nd day of March, 1932, said Forrest Ernest Waters operated said truck, with said trailer so attached, and said tags so attached, displayed and exhibited, along, in, over and upon a public highway, in Dale County, Alabama, bearing, carrying and transporting thereon at the time, four and one-half tons of lumber, without first having paid for, procured, received or secured any other tag, license or privilege for operating said truck with said trailer attached than those procured, paid for and sued as aforesaid, said truck and said trailer, together with the construction thereof, and said load of lumber so carried thereon, each and all at said time being not in excess of the dimensions required by Alabama Law. Against the peace and dignity of the State of Alabama."

To this complaint demurrer was filed and by the court overruled. The defendant pleaded not guilty, and the cause was submitted to the court sitting without a jury, on the following agreed state of facts:

"Defendant, Forrest Ernest Waters, operated upon the public highways of Dale·County, Alabama, on March 2, 1932, one 1931 Model Chevrolet motor truck, rated according to standards and usages, by manufacturers of said truck and like trucks, then prevailing in said County and State, as a one and one-half ton truck, with a one-axle and two wheels trailer permanently attached to the rear of said truck by a king-pin, then being used with said truck, the truck and trailer combined having three axles and six wheels, all constructed as required by law, and the axles and wheels, when running, following each other as was then provided, and within the regulations, requirements and rules prescribed therefor by law in Alabama, which truck, with said trailer so attached, at the time of the offense charged herein, burned and used therein exclusively motor fuels on which the excise tax imposed by the State of Alabama had been paid, or motor fuels which would be included in the reports required by law to be made to the State Tax Commission of Alabama of motor fuels sold or stored in Alabama, on which the Alabama State excise tax on motor fuels will be paid when due, along, in, over and upon the said public highways of said County and State, which neither the State Highway Commission of Alabama nor the Commissioner's Court, or Board of County Commissioners of Dale County, Alabama, had excepted from the statutory regulations in Alabama of highways of Alabama by limiting or reducing the

load or tonnage permitted by Alabama statutes to be carried by trucks along said highways. Said defendant, Forrest Ernest Waters, on the 1st day of October, 1931, legally returned said truck with said trailer so attached, to the Tax Assessor of Dale County, Alabama, for assessment of the ad valorem taxes thereon, upon which said Tax Assessor legally assessed the ad valorem taxes upon said truck, with said trailer so attached, and thereafter, on the 1st day of October, 1931, said defendant, Forrest Ernest Waters, paid in full said ad valorem taxes so assessed to the Tax Collector of Dale County, Alabama; and, the said defendant, Forrest Ernest Waters, after paying said ad valorem taxes as aforesaid, on the 1st day of October, 1931, applied to the Judge of Probate of Dale County, Alabama, for, and obtained from him a one and one-half ton license tag for said truck, also a license tag for said trailer so attached for which he paid said Probate Judge respectively $23.00, for said truck license tag, and $11.75, for said trailer tag, the same being the amounts respectively required by law as privilege license or tax for the procurement of said truck tag and said trailer tag, authorizing him, said defendant, Forrest Ernest Waters, to operate said truck as a one and one-half ton truck, with said trailer so attached, along, in, over and upon the highways in Dale County, Alabama; that defendant, the said Forrest Ernest Waters, attached said truck license tag as required by law to said truck for a one and one-half ton truck, and attached said trailer tag as required by law, to said trailer when so attached to a one and one-half ton truck as required by law in such cases and said tags, so attached, were displayed and exhibited as required by law for such tags upon a one and one-half ton truck and upon a trailer when so attached to a one and one-half ton truck; that on said date, towit: March 2, 1932, said defendant, Forrest Ernest Waters, operated said truck, with said trailer so attached and said tags so attached, displayed and exhibited as aforesaid, along, in, over and upon a public highway in Dale County, Alabama, bearing, carrying and transporting thereon at the time, four and one-half tons of lumber, without first having paid for, procured, received or secured any other tag license or privilege for operating said truck with said trailer so attached than those procured, paid for and used as aforesaid, said truck and trailer, together with the construction thereof, and said load of lumber so carried thereon, each and all at the time being not in excess of the dimensions required by law.

"Motor trucks, including the kind of truck or trucks of like or similar kinds to that here in question, have been manufactured in the United States by many different manufacturers and have been continuously and popularly operated and used in great numbers in Alabama by many operators and users of such trucks for hauling and transporting lumber and other commodities, for a great many years, to-wit, from and since and probably before 1915, which trucks, throughout said period, continuously have been classified, described and rated by manufacturers thereof, on a tonnage basis determined, fixed and prescribed by such manufacturers, which tonnage basis, so determined, fixed and prescribed, prevailed in Alabama and was adopted and followed by public officials in Alabama, whose duty it was to collect and receive tax moneys in payment for, and to issue privilege and tag licenses on such trucks to operators and users thereof, as the standard and basis upon which the State of Alabama, required of operators and users of such trucks, when having and when not having trailers permanently attached thereto, to procure and pay for privilege and license tags, and upon which tonnage basis, as so determined, fixed, prescribed and rated by manufacturers of said trucks, privilege and license tags had uniformly been issued to such operators and users of such trucks prior to January 1, 1932; and the truck here in question was classified, described, fixed and rated by its manufacturers as a one and one-half ton truck, prior to and on said 2nd day of March, 1932, and prior to the time when defendant paid for and procured said truck tag and said trailer tag, as aforesaid."

■ In passing upon the questions involved in this appeal, it will not be necessary to consider in detail the various grounds of demurrer interposed. Presumably the effort was made by counsel in the trial court to settle the cause on the pleading rather than on the facts, and in doing so the solicitor was led into a complaint containing many unnecessary allegations subjecting the complaint to some of the grounds of demurrer assigned. The complaint should have been confined to a statement of the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. Code 1923, § 4529.

Divested of all unnecessary allegations and amendable defects, the complaint charged the operation of a motortruck with trailer attached, without having complied with section 17 of an Act of the Legislature approved July 22, 1927 (Gen. Acts 1927, pp. 139, 157, § 17).

It is admitted that the defendant paid the license and received the tags for the truck and trailer based upon the rating, according to standards and usages as fixed by the manufacturers of said truck and then prevailing in the county and state, but it is claimed by the state that, after paying such license and re-

ceiving and attaching the tags as required by the statute, the defendant hauled on said truck loads of lumber weighing more than the standard capacity, to wit, 4,500 pounds. This presents the whole question involved in this case, and depends upon the construction to be placed upon the classification of motor-trucks for purposes of collecting licenses under section 17 of the License Act, supra.

■ Primarily it is the function and duty of the courts to interpret the meaning of a statute, and, where they can ascertain the legislative intent by the use of intrinsic aids alone, resort to other aids is both unnecessary and improper. United States v. Graham, 110 U. S. 219, 3 S. Ct. 582, 28 L. Ed. 126. But, where the language of the statute itself is uncertain, resort may be had to contemporaneous opinions or to common usage and practice in dealing with the subject of the legislation. One of the constructions to be principally considered is that placed upon it by the officers whose duty it is to execute the statute. A practice and construction long acquiesced in by the license officers should have great weight in finding the true meaning. 36 Cyc. 1139 (11).

■■ It is very obvious that, in issuing licenses and tags for automobiles and trucks, some fixed standard must be adopted to prevent endless confusion. In dealing with pleasure cars, the standard is the horse power as fixed by the manufacturer. For motor-trucks the license is fixed upon carrying capacity. According to this evidence, the generally accepted capacity recognized by citizens and officers alike is that fixed by the manufacturers of the trucks. That is the standard for the issuance of licenses and tags. When a person has complied with that standard in obtaining a license and tag, he is at liberty to operate his truck on the public roads of this state. That he overloads his truck does not render him liable for another license.

To construe this statute as contended for by the state would result in "confusion worse confounded," and no man operating a truck could be sure he was not violating the law, unless each load was weighed and tested before hauling.

It is contended by the state that section 81, Gen. Acts 1927, pp. 348, 379, is decisive of this case. In this we cannot agree. Section 81, supra, relates to persons who use tags issued under one classification, on trucks classified in another. This prosecution is not brought under that section at all.

The defendant having complied with the law, the judgment is reversed, and a judgment is here rendered discharging the defendant.

Reversed and rendered.