175 So. 417

## PURNELL v. CITY OF FLORENCE.

### 8 Div. 495.

Court of Appeals of Alabama.

June 8, 1937.

SAMFORD, Judge.

Omitting a consideration of the informalities in this record, we proceed to a determination of this appeal upon the agreed statement of the facts, which by common consent of the parties present the real questions at issue.

The City of Florence had an ordinance, duly enacted and approved, and which was in full force and effect during the year 1934, and covered the time in which it was charged that this defendant conducted a business in violation of said ordinance.

The ordinance provided a license of $300 per annum on "Each bakery agent whether delivering to consumer or in bulk, local or out of town."

The defendant was a wholesale dealer in bread. He bought his requirements outright, and resold them to retail dealers in Florence. Under the evidence there is no element of agency involved. Under the evidence, it was as if the defendant had bought flour or other commodities for retail or other disposition.

Under the rules, as laid down by all of the authorities, "The distinguishing features of agency are its representative character and its derivative authority. Whether a particular relationship is an agency depends on the relations of the parties as they in fact exist, without regard to what they call their relationship." 2 Corpus Juris Secundum, Agency, p. 1026, par. a; Thompson v. Atchley, 201 Ala. 398, 78 So. 196, 79 So. 478. Before there can be an agent, there must be a principal, and, when a person acts independently, he cannot be classed as an agent for any purpose.

More especially is this true in construing a revenue statute where, under the law, such statutes must be strictly construed in favor of the taxpayer, and against the taxing power. State v. Seals Piano Co., 209 Ala. 93, 95 So. 451; Yarbrough Bros. Hardware Co. v. Phillips, 209 Ala. 341, 96 So. 414; Hill Grocery Co. v. State, 26 Ala.App. 302, 159 So. 269.

In this case, according to the agreed statement of facts, the probata and the allegata do not correspond; and hence, the defendant should have been discharged. As the facts cannot, now, be changed, we proceed to enter such judgment as the lower court should have rendered.

The judgment of the lower court is reversed, and a judgment is here rendered, discharging the defendant.

Reversed and rendered.