185 So. 766

## JEFFERSON COUNTY v. GREAT ATLANTIC & PACIFIC TEA CO.

### 6 Div. 391.

Supreme Court of Alabama.

Jan. 12, 1939.

Matt H. Murphy and Wm. H. Ellis, both of Birmingham, for appellant.

J. L. Drennen, of Birmingham, for appellee.

BROWN, Justice.

Action of debt by appellant, the County of Jefferson, against appellee, the Great Atlantic & Pacific Tea Company, seeking to recover sums of money alleged to be due plaintiff as taxes for the years 1931 to 1937, for general County purposes.

The basis of the plaintiff's claims is the store tax levied for the first time in Alabama, by what is commonly referred to as the "Chain Store Tax Act." Said Act passed at the regular session 1931, approved July 7, 1931, page 431, levies "Annual License Fees," on the privilege of operating or maintaining a store. Section 5 of the Act provides, that:

"Every person, firm, corporation, association or co-partnership opening, establishing, operating or maintaining one or more stores or mercantile establishments, *within this State*, under the same general management, supervision or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating or maintaining such stores or mercantile establishments. * * * The license fee herein prescribed shall be as fol-

lows: (1) Upon one store, the annual license fee shall be One ($1.00) Dollar for each such store; (2) Upon two stores or more, but not to exceed five stores, the annual license fee shall be Ten ($10.00) Dollars for each such additional store; (3) Upon each store in excess of five, but not to exceed ten, the annual license fee shall be Fifteen ($15.00) Dollars for each such additional store; (4) Upon each store in excess of ten, but not to exceed twenty, the annual license fee shall be Twenty-five ($25.00) Dollars for each such additional store; (5) Upon each store in excess of twenty, the annual license . fee shall · be Seventy-five ($75.00) Dollars for each such additional store." [Italics supplied.]

Section 2 of the Act requires persons operating or desiring to operate and maintain such stores to make application to the State Tax Commission, on blanks prescribed by the Commission, setting forth the name of "the owner, manager, trustee, lessee, receiver or other person, desiring such license; the name of such store; the location, including the street number, of such store; and such other facts as the State Tax Commission may require. If the applicant desires to operate, maintain, open or establish more than one such store; he shall make a separate application for a license to operate, maintain, open or establish each such store, but the respective stores for which the applicant desires to secure licenses *may all be listed on one application blank.* Each such application shall be accompanied by. a filing fee of fifty cents, and by the license fee as prescribed in Section 5 of this Act." [Italics supplied.]

Section 10 provides that: "All money collected under the provisions of this Act, less the expenses incurred in the administration of this Act, *shall be paid into the State Treasury, monthly, by the State Tax Commission, and shall be added to and shall constitute a part of the Educational Trust Fund."* [Italics supplied.]

Section 9 of the Act makes a violation thereof a misdemeanor carrying a penalty of not less than $25, nor more than $100, "and each and every day that such violation shall continue shall constitute a separate and distinct offense."

The appellant's first contention is that § 362, page 440, of the General Revenue Act of 1919, which was not carried into the Code of 1923, but was preserved as a part of the revenue law of the State, operating on the "Chain Store Act," passed twelve

years later, automatically levied an additional tax for county purposes equal to fifty per cent of the State levy. That Section provides: "There is also hereby levied for the use of each county in the State a license or privilege tax upon each person, firm, or corporation engaged in, or who shall carry on any of the occupations, business, professions, or callings, or shall exercise any privilege or do any act for which a license is charged by the State, of fifty per cent of the State license or privilege tax, except as herein otherwise provided."

As before stated, the "Store Tax" was levied for the first time in this State by the Act of 1931.

License taxes levied by the General Revenue Act of 1919, and theretofore, were based on dealing in and selling classified commodities, the exercise of professions and trades, and the taxes so levied were not earmarked for special purposes, and it is perfectly clear that the Legislature in the enactment of said Section 362 of the General Revenue Law of 1919 did not have in mind this new subject of taxation.

The question presented is not one of tax exemption, but of legislative intent to levy a county tax for general county purposes in addition to the levy for educational purposes.

The store tax is levied on a State wide basis, and the Act furnishes no just basis for computing a county tax. The contention advanced by appellant that the counties may adopt the lower brackets, without injury to the taxpayer, is wholly fallacious. If the legislative purpose to levy a county tax on this new subject was not present in the enactment of the law, the exaction of a county tax is unauthorized and unjust. Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667.

Therefore following the general rule of strict construction against the taxing power and in favor of the taxpayer, applicable to revenue statutes, the conclusion is inescapable that legislative intent to subject stores to a county tax, as a means of raising revenues for county purposes, is wholly absent. Yarbrough Bros. Hardware Co. v. Phillips, Tax Collector, 209 Ala. 341, 96 So. 414; State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99; Jefferson County v. Smith, 23 Ala. App. 421, 125 So. 401; Hill Grocery Co. v. State, 26 Ala.App. 302, 159 So. 269; 19 C. J. 1255.

This interpretation is supported by the practical construction of the tax authorities, through intervening years who, according to the agreed stipulations of fact, have made no contention that stores are liable for a county tax. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; 59 C.J. 1025, § 609; State Board of Administration v. Jones, 212 Ala. 380, 102 So. 626; State v. Tuscaloosa Building & Loan Association, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019; Waters v. State, 25 Ala.App. 144, 142 So. 113; Vaughn v. State, 17 Ala.App. 35, 81. So. 417; Ex parte Vaughn, 203 Ala. 700, 82 So. 894.

The subsequent reenactment of said § 362 of the General Revenue Act of 1919, by incorporating the same in the General Revenue Act of 1935, in an article and chapter separate and apart from the store tax levy [Gen.Acts 1935, pp. 557, 558, § 350], in the light of such contemporaneous practical interpretation by the authorities charged with the assessment and collection of taxes, without change in verbiage, confirms the practical interpretation, and did not enlarge its scope. 59 C.J. 1058, § 624.

The conclusions, rulings and judgment of the trial court are in accord with the foregoing view, and the judgment denying the plaintiff's right of recovery is due to be affirmed.

It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.