ROBERTSON, Judge.
This is an appeal from a declaratory judgment action.
On December 5, 1986, Lamar Hadden, Sheriff of Houston County, filed a declaratory judgment action in Houston County Circuit Court. The issue before the court was stipulated to as follows:
“Whether or not the Town of Kinsey, Alabama, is legally obligated to pay for the feeding and medical expenses of city inmates in the Houston County Jail when confined in the Houston County Jail under the facts and circumstances stipulated to herein.”
The facts stipulated to were as follows:
“(1) That the Plaintiff is the duly elected and presently serving Sheriff of Houston County, Alabama.
“(2) That the Defendant is a municipal corporation situated or located in Houston County, Alabama.
“(3) That this is a Declaratory Judgment action.
“(4) That the Town of Kinsey, Alabama, elected pursuant to Code of Alabama, § 12-14-17 not to maintain its municipal court and to have the jurisdiction of the court transferred to and its municipal violations tried in the District Court of Houston County, Alabama.
“(5) That persons charged with or convicted of the violation of Town of Kinsey municipal ordinances, including all misdemeanors and violations as defined by the Town of Kinsey Municipal Code, who are confined prior to trial or thereafter confined subsequent to sentencing are confined in the Houston County Jail.”
Following the parties’ presentations of their legal arguments, the trial court held that Kinsey was responsible for the costs of housing its defendants in the Houston County Jail both before and after trial, including their medical expenses.
Kinsey appeals, asserting that it is not legally obligated to pay for the feeding and medical expenses of municipal inmates confined in the county jail.
First, we note that our research indicates that this question is one of first impression. However, we note that § 12-14-17, Code 1975, gives municipalities such as Kinsey the option of “abolishing] its municipal court.” Further, that section provides that “the jurisdiction of the court so abolished shall be transferred to the district court of the district in which the municipality is located....”
However, this section does not address, in any way, the responsibility of the municipality for paying the costs of housing its inmates in the county jail.
It is our opinion that, because the municipal inmates are housed in the county jail based on the authority of their violating municipal ordinances, the responsibility to care for these inmates rests with the municipality. Although we recognize that attorney general opinions are only advisory in nature, Hill Grocery Co. v. State, 26 Ala.App. 302, 159 So. 269 (1935), we quote with approval the language in an attorney general’s opinion dated March 16, 1987, to F.D. Gray:
“[W]hen the city abolished its recorder’s court and elected to come under the district court system, it abolished that forum for trial of municipal prisoners and transfers the forum to the county district court. It did not do away with the city’s responsibility to care for the prisoners.” (Emphasis added.)
In short, we cannot find that simply because the municipality has opted to change the forum for trying violators of the municipality’s ordinances from the municipal court to the county district court, that the municipality is thereby relieved of its obligations to pay for the expenses of its inmates.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J„ concur.