209 So.2d 663

Phillip J. HAMM, Commissioner of Revenue et al.

v.

BUSINESS MUSIC, INC.

3 Div. 271.

Supreme Court of Alabama.

March 7, 1968.

Rehearing Denied May 2, 1968.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Wm. M. Burton, Asst. Attys. Gen., for appellants.

Cabaniss, Johnston, Gardner & Clark and Mike Liles, Jr., Birmingham, for appellee.

SIMPSON, Justice.

The taxpayer is the holder of a Muzak franchise and is engaged in the business of furnishing background music to its subscribers which is played from prerecorded tapes and disseminated over leased telephone wires. The subscribers include business offices, industrial plants and the like, as well as hotels, cafes, clubs and similar businesses catering to the public's quest for amusement and entertainment.

The State Department of Revenue levied an assessment for sales tax due under Title 51, § 786(3), Code of Alabama (Recomp.1958), on the gross receipts of the taxpayer. This tax is due from those firms "in the business of *conducting,* or *operating, places* of amusement or entertainment * * * musical devices * * * or any other place at which * * * *amusement or entertainment is offered to the public* * * *." (Emphasis added.)

` Disagreeing with the assessment, the taxpayer appealed to the Circuit Court of Montgomery County as provided by Title 51, § 140, Code. The trial court found the taxpayer furnished services to three types of subscribers, viz., (1) where the music was primarily for the benefit of the subscriber's employees, (2) where the music was primarily for the benefit of the subscriber's patrons or customers, and (3) where the music was for the benefit of both the employees and the customers of the subscriber's business. That court held no tax was due on receipts realized by the taxpayer from the first and third categories, but was due on receipts from the second category of clients. The rationale of this holding is a determination that liability for the tax is not predicated on the business of the taxpayer, but that of his subscribers.

Contending the equipment and facilities of the taxpayer are "musical devices" within the meaning of the statute, the State argues that the tax is due on all receipts of the taxpayer and should not be limited to those services furnished subscribers who are in business to amuse and entertain the public. By cross-assignment of error, the taxpayer contends it does not operate musical devices within the meaning of the statute and insists that its services do not constitute amusements or entertainment but are "designed to condition customers and employees of subscribers by subliminally soothing tensions".

Both parties have argued extensively as to the meaning of the term "musical devices". The term first appeared in the sales tax statute enacted in 1939. Act No. 18, Acts 1939, Reg. & Spec.Sess., p. 16. The evidence was that background music as furnished by the taxpayer was unknown in this state until 1946. Because of our determination, there is no necessity for us to consider the history of the times and decide whether the term is ambiguous. See 82 C.J.S. Statutes § 353, p. 739.

We conclude from a careful reading of the statute that this provision was enacted to tax the gross receipts from those businesses frequented by the public in search of amusement and entertainment. This is not the business of this taxpayer, but that of a portion of its subscribers. In a long line of decisions we have held that taxing statutes are to be strictly construed in favor of the taxpayer and against the taxing power. See 18 Ala.Dig. Statutes ⊙ 245; 82 C.J.S. Statutes § 396b, p. 948; and 51 Am.Jur., Taxation, § 316, p. 366.

The decree of the trial court is reversed and one is here rendered for the entry of a decree holding the tax paid was illegally collected and due to be refunded with interest in accordance with Title 51, § 140, Code.

Reversed and remanded with directions.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.