271 So.2d 499

Ex parte State of Alabama.

In re STATE of Alabama

v.

KILLIAN WHOLESALE GROCERY CO.

7 Div. 925.

Supreme Court of Alabama.

Sept. 28. 1972.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, State Dept. of Revenue and Asst. Atty. Gen., William H. Burton, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

No brief from respondent.

SOMERVILLE, Justice.

This petition by the State of Alabama for certiorari to the Court of Civil Appeals presents the question of whether an Alabama wholesale tobacco dealer is liable for tobacco tax levied under § 718 et seq. of Title 51, Code of 1940, Recompiled 1958, on unstamped cigarettes stolen from its warehouse prior to sale. Stated differently, the question here is whether the tax is imposed on such a dealer irrespective of any sale by such dealer.

The uncontroverted facts are that Killian Wholesale Grocery Company, Inc., a wholesale tobacco dealer, respondent herein (appellee in Court of Civil Appeals) received and possessed at its warehouse in Collinsville, Alabama, certain unstamped cigarettes for the purpose of sale and distribution within the State of Alabama but never sold same due to their loss by theft.

After audit of respondent's books petitioner herein determined that respondent never had a sufficient number of stamps in its possession to stamp the cigarettes it received in its warehouse and made a final assessment against respondent of taxes in the amount of $8,252.20 plus interest of $206.30. This assessment covered the period October 1 through December 1, 1969 and was based upon the unstamped stolen cigarettes being taxable against respondent.

In its brief herein petitioner (appellant in the Court of Civil Appeals) states that the assessment was made on the theory that the tax was laid on the stolen cigarettes when they were received and stored for distribution in Alabama by respondent as a wholesale dealer of tobacco and that the tax had already attached and become due prior to the loss by theft.

From such assessment respondent herein took an appeal to the Circuit Court of DeKalb County, in Equity, where, after trial, a decree was rendered setting aside and cancelling the assessment as invalid. The petitioner then appealed from that decree to the Court of Civil Appeals, 271 So.2d 494 which affirmed the decree of the trial court and denied petitioner's application for rehearing. Petitioner now seeks a review of the judgment of said appellate court.

The tobacco tax and provisions relating thereto appear as §§ 718 through 743 of Article 9, Title 51, Code of Ala. 1940, Recompiled 1958. Section 718 was amended in 1959 by changing subdivision (e) to read as follows:

"(e) The tax herein levied shall be paid to the state through the use of stamps as herein provided. However, every wholesaler, distributor, jobber, or retail dealer shall add the amount of the tax levied herein to the price of the tobacco or tobacco products sold, it being the purpose and intent of this provision that the tax levied is in fact a levy on the ultimate consumer or user with the wholesaler, distributor, jobber, or retail dealer acting merely as an agent of the state for the collection and payment of the tax to the state. Therefore, notwithstanding any exemptions from taxes which any such seller may now or hereafter enjoy under the constitution or laws of this or any other state, or of the United States, he shall collect the tax imposed hereunder from the purchaser or consumer, and the amount of the tax shall constitute a debt from the purchaser or consumer to the seller until paid. It shall be unlawful for any person, firm, corporation, association, or copartnership to fail or refuse to add to the sales price and collect from the purchaser the amount of the tax to be added to the sales price and collected from the purchaser hereunder. Stamps in denominations to the amount of the tax shall be affixed to the box or other container from or in which tobacco products taxed

by this subdivision are normally sold at retail. The stamps shall be affixed in such a manner that their removal will require continued application of water or steam; and in case of cigars, cheroots, chewing tobacco, and like manufactured tobacco products, where sales are made from the original container, the stamps shall be affixed to the box or container in such a way that the stamps shall be torn in two or mutilated when such containers or boxes are opened for the sale of the tobacco products. In the case of cigarettes, smoking tobacco, snuff, and like products, sold at retail in packages, the required amount of stamps to cover the tax shall be affixed to each individual package or container. All taxable tobaccos herein enumerated, when offered for sale, either at wholesale or retail, without having stamps affixed in the manner set out by this article, shall be subject to confiscation, in the manner provided for contraband goods as set out in this article." Act No. 637, Acts of Alabama 1959, p. 1550 (sometimes known as the Dumas Act but hereinafter referred to as the 1959 Amendment).

In its opinion affirming the setting aside of the assessment the Court of Civil Appeals states that the amendatory language of the 1959 amendment (the 2nd, 3rd and 4th sentences of (e) above) changes the taxing event from the possession of the tobacco to its sale and levies the tax on the consumer with the wholesaler or retailer being only a tax collector relieved of any obligation except the collection of the tax when the tobacco is sold.

We cannot agree with the conclusion and opinion of the Court of Civil Appeals.

The 1959 amendment amends only a small portion of § 718 and re-enacts the balance of said section. This section both before and after said amendment provides in material part:

"In addition to all other taxes * * * every person * * * within the state of Alabama, who sells or stores or receives for the purpose of distribution * * * within the state of Alabama, * * * cigarettes * * * shall pay to the state of Alabama for state purposes only a license or privilege tax * * *. There is hereby levied license or privilege taxes on articles containing tobacco enumerated in this subdivision * * *." (Including cigarettes).

Section 718(e), both before and after said amendment, provides that the tax shall be paid *through the use of stamps as provided in the law.*

Said amendment does not amend any part of the remaining §§ 719 through 743 and leaves in its entirety § 719 which provides in part as follows:

"The license taxes imposed by this subdivision, shall be paid by affixing stamps in the manner and at the time herein set forth. * * * Time allowed for affixing stamps shall be as follows: Every wholesale or retail dealer in this state shall *immediately after receipt* of any unstamped cigars, stogies, cheroots, chewing tobacco, cigarettes, smoking tobacco or snuff, unless sooner offered for sale, cause the same to have the requisite denominations and amount of stamp or stamps to represent the tax affixed as stated herein, and to cause the same to be cancelled by writing or stamping across the face of each stamp * * *. *The stamping * * * shall actually begin within one hour after receipt of said * * * cigarettes * * * in the premises of the wholesale or retail dealer,* and said stamping shall be continued with reasonable diligence by the wholesale or retail dealer until all of said unstamped * * * cigarettes * * * have been stamped and the stamps cancelled as provided by law." (Emphasis added.)

It will be especially noted also that subsection (e) as amended does not expressly relieve the wholesaler of the obligation of immediately affixing and cancelling stamps as provided in § 719, nor does it purport to defer such dealer action until a sale is made. To the contrary as shown

above, the first two sentences of the amendment reaffirm the tax and the first sentence of amended (e) provides:

"The tax herein levied shall be paid to the state through the use of stamps as herein provided."

The second sentence of amended (e) requires that the tax be added to the price of the product sold and declares by way of explanation,

"* * * it being the purpose and intent of this provision that the tax levied is in fact a levy on the ultimate consumer or user with the wholesaler * * * acting merely as an agent of the state for the collection and payment of the tax to the state."

And the third sentence states in part:

"Therefore, notwithstanding any exemptions from taxes which any seller may now or hereafter enjoy * * * he shall collect the tax imposed hereunder from the purchaser or consumer, and the amount of the *tax shall constitute a debt from the purchaser or consumer to the seller until paid.*"

We take cognizance of the above amendatory language and of State v. Automatic Sales, 277 Ala. 63, 167 So.2d 146, wherein this court held that the 1959 amendment changed the tax from one on the dealer to one on the consumer or user. However, that case involved the computation of sales taxes and did not pass on the question now directly before us for the first time. We are not convinced that either said amendatory language or the holding in *Automatic Sales* definitively answers our present question. We consider it significant that although (e) as amended declares that the tax is levied on the consumer and that the dealer is merely a collection agent it provides that the tax shall be *a debt from the purchaser or consumer to the seller until paid.* This creation of a debtor-creditor relationship between two parties other than the State indicates that the dealer is still obligated to pay the tax as provided in § 719 and in turn can be reimbursed by col-

lecting from the consumer or user. Under this theory the ultimate consumer is made the ultimate taxpayer but the initial burden of affixing and cancelling the stamps remains on the dealer as provided in § 719.

Sections 718–743 all deal with the same subject and under our decisions are in pari materia. Kelly v. State, 273 Ala. 240, 139 So.2d 326. In such cases the well established rule is that every word and each section must be given effect, if possible, and construed with every other section in pari materia. Smith v. Smith, 266 Ala. 118, 94 So.2d 863; Ex Parte Darnell, 262 Ala. 71, 76 So.2d 770; City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671.

If the 1959 amendment to § 718(e) is interpreted as meaning that no stamps need be attached by the dealer until the product is sold, such interpretation would in effect eviserate other portions of § 718 and nullify substantially all of § 719. We feel that the amendment should not be so construed and we hold that a tobacco dealer is still required by § 719 to purchase and affix stamps immediately upon receipt of tobacco products for sale and distribution in Alabama.

It follows that since respondent failed to comply with § 719, the assessment against it is valid. We note that nowhere in the tobacco stamp act is there any provision for a refund of any taxes paid by a dealer on cigarettes subsequently lost by theft, casualty or failure to sell for any reason.

The judgment of the Court of Civil Appeals is reversed and the cause remanded.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., and BLOODWORTH and MADDOX, JJ., dissent.

HEFLIN, Chief Justice (dissenting):

I agree with the opinion of the Court of Civil Appeals. While certain responsibili-

ties and duties are placed on the wholesaler by the statutes, there is no language in the statutes that says that the tax collector has to pay the taxes in the event he cannot collect the taxes or loses the stamps, but instead § 719 of Title 51 provides for sanctions against the wholesaler should he fail or refuse to comply with his duties and responsibilities.

This case is subject to equitable principles since it was tried in a court of equity. I feel it would be inequitable and unjust to impose the loss on the wholesaler in this case. Therefore, I respectfully dissent.

MADDOX, J., concurs in the above dissenting opinion.