301 So.2d 176

**BUTLER AND KENNAMER WHOLE-SALE COMPANY, a partnership**

v.

**STATE of Alabama.**

**Civ. 300.**

Court of Civil Appeals of Alabama.

Feb. 13, 1974.

Rehearing Denied March 13, 1974.

Dawson, McGinty & Livingston, Scottsboro, for appellants.

William J. Baxley, Atty. Gen., Willard W. Livingston, counsel, and William H. Burton, Asst. Counsel, State Dept. of Revenue, and Asst. Attys. Gen., for appellee.

**BRADLEY, Judge.**

Pursuant to Title 51, Section 140, Code of Alabama 1940, as Recompiled 1958, appellants here, Butler and Kennamer Wholesale Company, appealed to the Circuit Court of Jackson County a final assessment of tobacco tax made by the State Department of Revenue in the amount of $4,942.82, which includes interest. After a trial, the Circuit Court entered a decree affirming the assessment based on the authority of State of Alabama v. Killian Wholesale Grocery Co., 289 Ala. 691, 271 So.2d 499. From said decree this appeal was perfected.

The facts in the case show that appellants were wholesalers of cigarettes and other tobacco products in Scottsboro, Alabama, and on February 26, 1970 their business was burglarized and large quantities of cigarettes were stolen along with a number of cigarette tax stamps. At the request of appellants, the State Department of Revenue sent one of its agents to audit the books, records and inventory of appellants to ascertain whether or not they owed any tobacco tax. The audit was for the period March 13, 1969 through February 27, 1970. The audit reported there were 4,942.1 cartons of cigarettes that had been acquired by appellants during this period for which no cigarette tax had been paid. Mr. Wallingsford, an employee of appellants, stated that he affixed the stamps to the cigarettes during the period covered by the audit and that he always had enough stamped cigarettes on hand to supply the needs of appellants' customers, but he specifically stated that he was not saying that there were enough tax stamps on hand to stamp all of the cigarettes they had in inventory. Mr. Kennamer, a partner in appellant company, testified that they had enough stamps for the cigarettes they were selling, but he said they had cigarettes in stock on which there were no stamps and some with stamps. He could not say how many cigarettes they had without stamps. He did state that a search of the appellants' records and inventory by appellants' employees showed a shortage of cigarettes that corresponded very closely to the audit made by the Revenue Department.

Mr. Thomas, the auditor for the Revenue Department, testified that his examination of the books, records and inventories showed that appellants had failed to pay taxes on the cigarettes they brought into their business in the amount of $4,730.47. This figure was later adjusted to give the final assessment figure mentioned before. Mr. Thomas also stated that he was convinced a burglary had been committed. Also, the Revenue Department did not dispute the occurrence of the burglary.

As we understand appellants' position in this case taken from their pleading and argument in brief, it is that the cigarettes were stolen and as a consequence, they are not required to pay tax on them. This for the reason that the tax is on the sale rather than on the possession of the cigarettes.

Title 51, Section 718, Code of Alabama 1940, as Recompiled 1958, and as amended

in 1959, provides in pertinent part as follows:

"In addition to all other taxes . . . every person . . . within the state of Alabama, who sells or stores or receives for the purpose of distribution . . . within the state of Alabama, . . . cigarettes . . . shall pay to the state of Alabama for state purposes only a license or privilege tax . . . ."

Title 51, Section 719, Code of Alabama 1940, as Recompiled 1958, also provides in pertinent part:

"The license taxes imposed by this subdivision, shall be paid by affixing stamps in the manner and at the time herein set forth. . . . Every wholesale or retail dealer in this state shall immediately after receipt of any unstamped . . . cigarettes . . . unless sooner offered for sale, cause the same to have the requisite denominations and amount of stamp or stamps to represent the tax affixed as stated herein, and to cause the same to be cancelled by writing or stamping across the face of each stamp . . .. The stamping . . . shall actually begin within one hour after receipt of said . . . cigarettes . . . in the premises of the wholesale or retail dealer, and said stamping shall be continued with reasonable diligence by the wholesale or retail dealer until all of said unstamped . . . cigarettes . . . have been stamped and the stamps cancelled as provided by law."

■ In *Killian, supra,* the Supreme Court held that the tax in question was paid when the wholesaler affixed the stamps to the cigarettes brought into his business for sale, storage or for the purpose of distribution, and he would then add the amount of the tax to the cigarettes sold to the retailer or consumer and thereby recover the tax previously paid by him, making the consumer the ultimate taxpayer. Therefore, we consider *Killian* to stand for the proposition that the tax is paid by the wholesaler when he receives the cigarettes for sale, storage or distribution, not when he sells the cigarettes to someone else. When he collects the tax from the ultimate consumer, he is merely recouping what he has already paid to the State.

Appellants argue that the trial court found that they had complied with Section 719, *supra,* yet required them to pay the assessment.

■ First, we can find no evidence in the record to support such a finding, and second, had appellants complied with Section 719, and affixed tobacco stamps to all of the cigarettes they had acquired and on which they were supposed to affix stamps, no assessment would have been made. The tax would have been paid prior to their loss. The only recourse then would have been a petition to the Revenue Department for a refund. But, as pointed out by the Supreme Court in *Killian,* the State Revenue Department does not have any lawful authority to make refunds when tax stamps are lost by theft, fire or other casualty.

Consequently, we must conclude that appellants are arguing that they do not owe the tax in question for the simple reason that the tax is on the sale of cigarettes and since there was no sale, there can be no tax. However, as much as we might sympathize with this position, we do not construe Killian as supporting that theory. As did the trial court, we must follow the holding in *Killian,* and thereby affirm the assessment made by appellee.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.