301 So.2d 178

## In re BUTLER & KENNAMER WHOLE-SALE COMPANY

v.

## STATE of Alabama.

### Ex parte Butler & Kennamer Wholesale Company.

**SC 757.**

Supreme Court of Alabama.

Sept. 12, 1974.

Jack Livingston, Scottsboro, for petitioner.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., and William H. Burton, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State, respondent.

COLEMAN, Justice.

A taxpayer applies for certiorari to review a decision by the Court of Civil Appeals, 53 Ala.App. 415, 301 So.2d 176 wherein that court affirmed an assessment against taxpayer for tax on cigarettes allegedly due from taxpayer to the state.

The taxpayer is a partnership which has been engaged in the wholesale grocery business for more than twenty years. The partnership purchases cigarettes for resale to customers. Taxpayer affixes tax stamps to the cigarettes before they are sold to customers.

On February 26, 1970, taxpayer's place of business was burglarized and large quantities of cigarettes were stolen together with all cigarette tax stamps on hand. At taxpayer's request, the Department of Revenue made an audit for the period from March 13, 1969, through February 27, 1970.

The audit found that taxpayer owed the state $4,730.47 for tax on 3,942.1 cartons of cigarettes. The dollar amount was subsequently adjusted, but the final amount of tax assessed against taxpayer is within a few hundred dollars of the amount stated above. The trial court stated the question presented as follows:

"Appellants contend that no sale of the cigarettes has occurred since the cigarettes were stolen. In this connection, the evidence is clear that the cigarettes were stolen, and the State makes no contention otherwise. Thus, the question is presented to the Court if the tax assessed by the State of Alabama is due where cigarettes were not sold by Appellants but were stolen. . . ."

The trial court considered State v. Killian Wholesale Grocery Co., 289 Ala. 691, 271 So.2d 499, and concluded that *Killian* holds "that all cigarettes purchased for resale in Alabama, regardless of whether they were sold, stolen, burned, or otherwise disposed of within this State, should be made the subject of the tax. . . ." In compliance with *Killian,* the trial court affirmed the assessment against taxpayer.

The Court of Civil Appeals affirmed the decree of the trial court. The concluding paragraph of the opinion recites as follows:

"Consequently, we must conclude that appellants are arguing that they do not owe the tax in question for the simple reason that the tax is on the sale of cigarettes and since there was no sale, there can be no tax. However, as much as we might sympathize with this position, we do not construe *Killian* as supporting that theory. As did the trial court, we must follow the holding in *Killian,* and thereby affirm the assessment made by appellee."

In State v. Killian Wholesale Grocery Co., Inc., 49 Ala.App. 300, 271 So.2d 494, the state appealed from a decree of the circuit court setting aside an assessment for tobacco tax against a wholesaler from whom a large quantity of cigarettes had been stolen. The Court of Civil Appeals affirmed, holding "that if the cigarettes are stolen before they can be sold, the wholesaler cannot be saddled with the tax burden . . ."

On certiorari, however, this court reversed the judgment of the Court of Civil

Appeals and held that a wholesaler´ was liable for tax on unstamped cigarettes stolen from wholesaler's warehouse prior to sale. 289 Ala. 691, 271 So.2d 499.

The reports of *Killian* in 49 Ala.App. at page 301, 271 So.2d 494, and in 289 Ala. at page 692, 271 So.2d 499, show that no brief was filed on behalf of the taxpayer in either the Court of Civil Appeals or in this court.

In the instant case, taxpayer contends that it is not liable for tax on cigarettes which were stolen and were not sold because § 718, Title 51, provides that the tax "shall be measured by and graduated in accordance with the volume of sales of . . ." the taxpayer engaged in selling cigarettes; that § 718 is a statute levying a tax; that a statute levying a tax is to be construed in favor of the taxpayer and against the taxing power; and that, under a proper construction, the clause quoted above from § 718 cannot be held to impose a tax on cigarettes which were stolen and were not sold.

Taxpayer points out that the quoted clause from § 718 is not mentioned in the opinion of this court in *Killian* and that no brief was filed for taxpayer in *Killian*.

The provisions of § 718, Title 51, which are of consequence in the instant case recite as follows:

"In addition to all other taxes of every kind now imposed by law and which are not specifically repealed by this article 9, every person, firm, corporation, club or association, within the state of Alabama, who sells or stores or receives for the purpose of distribution to any person, firm, corporation, club or association within the state of Alabama, cigars, cheroots, stogies, cigarettes, smoking tobacco, chewing tobacco, snuff, or any substitute therefor, either or all, shall pay to the state of Alabama for state purposes only a license or privilege tax *which shall be measured by and graduated in accordance with the volume of sales of such person, firm, corporation, club or association in Alabama.* There is hereby levied license or privilege taxes on articles containing tobacco enumerated in this subdivision in the following amounts: . . ." (Emphasis Supplied)

The circumstances in *Killian* are stated by this court as follows:

"The uncontroverted facts are that Killian Wholesale Grocery Company, Inc., a wholesale tobacco dealer, respondent herein (appellee in Court of Civil Appeals) received and possessed at its warehouse in Collinsville, Alabama, certain unstamped cigarettes for the purpose of sale and distribution within the State of Alabama but never sold same due to their loss by theft.

"After audit of respondent's books petitioner herein determined that respondent never had a sufficient number of stamps in its possession to stamp the cigarettes it received in its warehouse and made a final assessment against respondent of taxes in the amount of $8,252.20 plus interest of $206.30. This assessment covered the period October 1 through December 1, 1969 and was based upon the unstamped stolen cigarettes being taxable against respondent.

"In its brief herein petitioner (appellant in the Court of Civil Appeals) states that the assessment was made on the theory that the tax was laid on the stolen cigarettes when they were received and stored for distribution in Alabama by respondent as a wholesale dealer of tobacco and that the tax had already attached and become due prior to the loss by theft." (289 Ala. at 692, 271 So.2d at 499)

The decision of this court approved and sustained the argument in the state's (petitioner's) brief in *Killian* as stated above.

In the instant case, the state's brief recites in pertinent part as follows:

". . . the State further says that the evidence shows that none of the specific cigarettes which were stolen had been stamped with the tax stamps as required under Title 51, Section 719, Code 1940, Recompiled 1958, or that the Appellant-Petitioner had ever even started stamping any of them. . . ."

In *Killian,* this court considered and set out certain portions of § 718 and § 719 of Title 51. A part of § 718 is quoted as follows:

" 'In addition to all other taxes * * * every person * * * within the state of Alabama, who sells or stores or receives for the purpose of distribution * * * within the state of Alabama * * * cigarettes * * * shall pay to the state of Alabama for state purposes only a license or privilege tax * * *. There is hereby levied license or privilege taxes on articles containing tobacco enumerated in this subdivision * * *.' (Including cigarettes)." (289 Ala. at 692, 271 So.2d at 500)

From the above quotation, this court omitted the following words which appear in § 718 immediately following the words, "license or privilege tax," to wit:

"which shall be measured by and graduated in accordance with the volume of sales of such person, firm, corporation, club or association in Alabama."

Not having the benefit of brief on behalf of the taxpayer, this court did not, in *Killian,* consider the effect of the words thus omitted from the quotation of part of § 718.

This court has said:

". . . there is also the rule of construction that the intention of the Legislature must primarily be determined from the language of the statute itself if it is unambiguous, and where the language of the statute is unambiguous, the

clearly expressed intent must be given effect, and there is no room for construction. Dixie Coaches v. Ramsden, 238 Ala. 285, 190 So. 92.

" '* * *. "When the language as used by the lawmakers is plain, it is the duty of the courts to obey; no discretion is left; and courts should not stray into by-paths or search for reasons outside of the plain letter of the law upon which to rely for the purpose of giving a different meaning or interpretation, for 'when the language is plain it should be considered to mean exactly what it says.' Little v. Foster, 130 Ala. [154] 163 [30 South. 477]. * * *." ' Ex parte Bozeman, 183 Ala. 91, 99, 63 So. 201, 203." Kimbrell v. State, 272 Ala. 419, 425, 132 So.2d 132, 137.

This court has also said:

". . . In the second place, it has long been the rule in this state that in construing taxing statutes which are of doubtful application, the taxpayer will be afforded the benefit of any doubt, and such statutes should be construed in favor of the taxpayer and against the state, State v. Holt, 34 Ala.App. 104, 38 So.2d 598, certiorari denied 251 Ala. 526, 38 So.2d 602; Jefferson County v. Great A & P Tea Co., 237 Ala. 103, 185 So. 766; National Linen Service Corp. v. State Tax Comm., 237 Ala. 360, 186 So. 478; Hill Grocery Co. v. State, 26 Ala. App. 302, 159 So. 269; State v. Downs, 29 Ala.App. 442, 197 So. 379." State v. Grayson Lumber Company, 271 Ala. 35, 38, 122 So.2d 126, 128.

See also Hamm v. Business Music, Inc., 282 Ala. 168, 209 So.2d 663, and cases cited in Alabama Digest, Statutes, ☞ 245.

The provision in § 718 that the tax "shall be measured by and graduated in accordance with the volume of sales" appears to this writer to be plain and unambiguous. The meaning appears to be that unstamped cigarettes which are stolen from the

wholesaler and are not sold are not to be included in the "volume of sales."

■ If the meaning of the provision is not clear to the effect just stated, the provision is certainly ambiguous and the construction must be against the taxing power and in favor of the taxpayer.

As we understand the instant case, the final assessment is based on the volume of cigarettes received by the taxpayer and includes unstamped cigarettes that were not sold but were stolen from taxpayer. In that respect, the assessment is not in accord with the statute.

This writer was one of the justices concurring in the decision of this court in *Killian.* In the light of the matters hereinabove considered and those matters which were not considered in *Killian,* it appears that the holding in *Killian* is not correct in deciding that unstamped cigarettes which were stolen from taxpayer and were not sold by taxpayer should be included in the volume of sales by which the tax is to be measured. In that respect, *Killian* is overruled.

We hold that according to the provisions of § 718, Title 51, the volume of sales by which the tax is to be measured does not include unstamped cigarettes which were stolen from taxpayer and were not sold.

In the instant case, the judgment of the trial court and the judgment of the Court of Civil Appeals are expressly based on and in accord with the decision of this court in *Killian.* Because the decision of this court in the instant case is contrary to the decision in *Killian,* the judgment of the Court of Civil Appeals in the case at bar is due to be and is reversed.

Reversed and remanded.

HEFLIN, C. J., and MADDOX, Mc-CALL, FAULKNER and JONES, JJ., concur.

BLOODWORTH, J., concurs specially.

MERRILL and HARWOOD, JJ., dissent.

BLOODWORTH, Justice (concurring specially).

It is, perhaps, self-evident that I concur in the majority opinion, since I was one of the dissenters in State of Alabama v. Killian Wholesale Grocery Co., 289 Ala. 691, 271 So.2d 499 (1972), overruled by the present decision.

I think I ought to add, however, that I was opposed to granting the petition for writ of certiorari in the present case because it did not comply with Rule 39, Rules of the Supreme Court, in my judgment as no grounds of review, as set out in Rule 39, were averred.

Perhaps, this case demonstrates one of the inadequacies of our present Rule 39, insofar as a litigant wishes to review the validity of a prior decision of this Court.

Consider the case here. Had the Court of Civil Appeals *failed* to follow our decision in *Killian,* supra, which that court is, by law, constrained to do, this would have provided a "conflict" ground for review by this Court on certiorari; on the other hand, having *properly* followed our decision in *Killian,* the losing taxpayer is completely frustrated by not having any grounds of Rule 39 upon which to invite our review by certiorari of our former decision in *Killian.*

It is therefore because a majority of this Court decided to grant the writ and review the decision in *Killian,* and being bound thereby, that I join herein in concurring.

MERRILL and HARWOOD, Justices (dissenting):

We would not overrule *Killian.*