HOLMES, Judge.
This is an appeal from the Circuit Court of Jefferson County. The trial court sitting without a jury upheld a sales tax assessment by the Department of Revenue, appellee herein, against Alabama Precast Products, Inc. Alabama Precast appeals from that judgment.
The issue to be decided by this court is whether transportation charges for the delivery of appellant’s products incident to their sale are subject to the sales tax imposed by Tit. 51, § 786(2).
The appellee assessed the sales tax on the above mentioned transportation charges, and appellant sought review in the circuit court pursuant to Tit. 51, § 140, Code of Ala.1940. The case was submitted to the trial court on the following stipulation of facts:
“STIPULATION OF FACTS
“The parties in this matter, acting by and through their attorneys of record agree that the following pertinent facts are true:
“1. Appellant has heretofore filed Notice of Appeal from a final assessment entered by the State Department of Revenue and Appellant has filed a supersedeas bond with the Register of this Court and has filed Notice of Appeal with the Secretary of the Department of Revenue of the State of Alabama as required by law.
“2. Appellee, the Department of Revenue, entered its final assessment against Appellant for sales tax under the provisions of Title 51, Section 786(2) et seq., Code of Alabama 1940, Recompiled 1958, Cumulative Pocket Part, and under Department Regulation T18-011. The formal papers of the Department of Revenue relating to this final assessment are attached hereto and made a part hereof as if fully set out herein and designated as Joint Exhibit ‘A’. It is agreed and stipulated between the parties that if any tax is found to be due that it is in the amount shown on the final assessment. Regulation T18-011 prior to the amendment hereto of August 1974 is attached hereto and made a part hereof as if fully set out herein and designated as Joint Exhibit ‘B’. Departmental Regulation T18-011 as amended in August 1974 is attached hereto and made a part hereof as if fully set out herein and designated as Joing [sic] Exhibit ‘C\
“3. Appellant is engaged in the manufacturing and sale of concrete products including concrete blocks. Some of Appellant’s sales were made at the plant with the customer picking up the merchandise purchased, and no additional tax was found to be due in the audit with respect to such sales. In all other cases deliveries were completed by a contract carrier. In no case did Appellant make deliveries on its own trucks. There were three contract carriers who transported and delivered goods purchased from Appellant during the period in question. These carriers owned a total of between eight and twelve trucks. These trucks were equipped especially for loading, transporting and unloading concrete blocks. The carriers were not under exclusive contract with the Appellant but transported goods for parties other than the Appellant. Appellant charged its customers sales tax on the material and blocks sold to its customers but did not charge or collect sales tax on the freight charges. It was the practice of Appellant during the period in question to submit an invoice to the customer upon completion of delivery. Typical invoices so submitted are attached hereto and made a part hereof as if fully set out herein and designated as Joint Exhibits ‘Dl’ through ‘D6’. Each such invoice was divided into two parts, to set out one charge for the price of the con *162 Crete products and another for freight or drayage. Sales tax was charged only on the portion of the invoice covering the concrete products. No sales tax was invoiced, charged or collected for the freight charges. Appellant collected freight charges from its customers. The carriers were paid by Appellant at approximately two week intervals by checks drawn upon Appellant’s accounts and payable to the carriers. The total amount paid to the contract carriers was the same as the total charged by Appellant to its customers as drayage. Copies of typical ones of Appellant’s check requisition and other records, including driver drayage tickets, invoices, check records and cancelled checks are attached hereto and made a part hereof as if fully set out herein and designated as Joint Exhibits ‘El’ through ‘E23’. The total of the price indicated on the invoice of the concrete products together with sales tax thereon, and the freight charge for transportation represented the full charge to the customer made by the Appellant.
“4. When orders were placed with Appellant for concrete materials no intent was expressed by either party as to whether or not concrete products were to be shipped f. o. b. destination or f. o. b. plant; nor was there any intention expressed between the parties as to when title would pass.
“5. Parties agree that case numbers 185-857 and 185-858 will be controlled by the decision in this case. DM PCD”
The entire record before this court consists of this stipulation, the pleadings, and exhibits.
The sales tax which is the subject of this appeal was assessed pursuant to Tit. 51, § 786 (2) (f), Code of Ala. 1940, (1973 Cumulative Pocket Part), which provides in pertinent part as follows:
“The term ‘gross proceeds of sales’ means the value proceeding or acccruing from the sale of tangible personal property (and including the proceeds from the sale of any property handled on consignment by the taxpayer), including merchandise of any kind and character without any deduction on account of the cost of the property sold, the cost of the materials used, labor or service cost, interest paid, or any other expenses whatsoever, and without any deductions on account of losses; . . .”
Appellee contends that this statute, as interpreted by Regulation T18-011 of the Department of Revenue, mandates assessment of a sales tax upon the freight charges described above. Departmental Regulation T18-011, which was in effect at the time of the transactions in question but has since been superseded, provides in applicable part as follows:
“T18-011

“Transportation Charges

“If the seller contracts to deliver tangible personal property to some designated place or is obligated under the contract to pay transportation charges to some designated place, the transportation services are rendered to the seller and the selling price of the tangible personal property so transported must include the amount of the transportation charges. In this event such charges are not deductible by the seller in computing his tax liability under the Act. On the other hand if the seller contracts to sell tangible personal property f.o.b. origin the title to the property passing at auch [sic] point to the buyer and the buyer pays the transportation charges, then the transportation services are rendered to the buyer and are not a part of the selling price of the vendor. Therefore, such transportation charges should not be included by the vendor in computing his tax liability under the Act.

“(d) In no case is the seller permitted to make a separate charge for his own ser *163 vice in the delivery or transportation of the goods in such manner as to entitle the seller to deduct such service cost from the proceeds of sales and no practice of invoicing or billing will entitle the seller to deduct from gross proceeds of sales any cost or expense, actual or estimated, in cases where the seller by use of his own means of transportation effects such delivery. The rule discussed in this paragraph does nog [sic] apply to cases in which a third party or any independent carrier — common, contract, or private — is employed to transport or deliver the goods for hire. (Act No. 100, Section 1(f); Title 51, Section 786(2) (f).” (Emphasis added)
Although the language of subsection (d) of the above appears to exclude freight charges from the tax where the transportation is undertaken by a third party, as is the case here, appellee through able counsel argues otherwise. He contends that this provision applies only where an “independent carrier” is concerned, and that such a carrier is not involved here so that the freight charges are subject to taxation.
In description of this type of carrier, ap-pellee states in brief that “ . . . where an independent third party has contracted to accept delivery on behalf of the purchaser then the transportation charges are an expense borne by the purchaser after transfer of title and are not includable in the measure of the tax.” The “independent carrier” is also described as one who “ . . . invoices the charges to the customer. . . ”
If subsection (d) means this, by implication it would allow taxation of a third party’s freight charges where the seller has contracted to deliver property to the purchaser at a designated place. The difference between taxable and nontaxable charges would thus be essentially that between sales f. o. b. point of origin and f. o. b. point of destination. See §§ 2-319 (1), 2-401(2), Tit. 7A, Code of Ala. 1940.
Appellee cogently argues that its interpretation of subsection (d) should be adopted by this court, in that delivery of property by the seller, Precast, is necessary to Precast’s sale of that property. As such, a delivery is sold by Precast as much as is the property itself, so that the freight charges are taxable as proceeds of the sale. However, in order to apply appellee’s argument, we must have before us facts sufficient to enable us to do so. Such is not the case.
The stipulation set out above contains the only facts before this court. We are unable to determine therefrom whether the sales in question were made f. o. b. origin or f. o. b. destination. Any attempt to do so would be speculation of the sort in which we cannot engage.
While we are unable to apply ap-pellee’s argument due to the paucity of facts, this case can be resolved by an examination of the regulation interpreting the taxing statute, in accordance with the presumption that tax provisions of doubtful meaning are to be construed in favor of the taxpayer. Butler & Kennamer Wholesale Co. v. State, 293 Ala. 216, 301 So.2d 178.
As outlined earlier, appellee’s construction of subsection (d) of Regulation T18-011 makes the taxation treatment of freight charges where third parties transport property dependent upon the difference between sales f. o. b. origin and f. o. b. destination.
The difference in taxation treatment of f. o. b. origin and f. o. b. destination sales is prescribed in the initial section of Regulation T18-011. The criteria distinguishing sales f. o. b. origin are the same as those advanced by appellee in its description of “independent carriers.”
We cannot ascribe to subsection (d) the meaning contended for by appellee. As seen from the above, the same result which that meaning would give is accomplished earlier in the regulation. We would be applying a strained construction to subsection (d) in order to make it useless sur-plusage, redundant of a result accomplish *164 ed with clarity and specificity earlier in the regulation. This we cannot do, but rather nqust look to the plain meaning of the provision, as is the case with statutes. Morgan County Commission v. Powell, 292 Ala. 300, 293 So.2d 830.
The plain and unambiguous meaning of the provision in question is that deduction of freight charges from the proceeds of sales is permissible where the seller employs a third party to deliver the property sold. Such a conclusion is buttressed by the fact that the language excluding third party carriers is in contradistinction to the immediately preceding sentences, which treat delivery effected through “ . . . the seller by use of his own means of transportation.” [Emphasis supplied] This construction is neither strained nor useless, but affords a rational meaning as an exclusionary provision to the language of subsection (d) in question.
Our interpretation here of subsection (d) is in accordance with the case of East Brewton Materials, Inc. v. State, Dept. of Revenue, 45 Ala.App. 584, 233 So.2d 751. There, we examined the Alabama Supreme Court case of State v. Natco Corp., 265 Ala. 184, 90 So.2d 385, and stated as follows:
“We find that the Natco case does not support appellant’s position here, but rather supports the provision of administrative ruling T18-011, in that, the ruling specifically excludes from its application transportation charges rendered by a third party or a common carrier, even though such charges are invoiced to and paid by the customer.” (45 Ala.App. at 591, 233 So.2d at 756)
Appellee’s final argument is that Departmental Regulation T18-011 is an erroneous interpretation of the sales tax law, if its meaning is in fact what we have construed it to be. However, this court made the following statement in East Brewton, infra:
“We further hold, in agreement with the court below, that administrative ruling T18-011 was a fair and reasonable interpretation of Title 51, Section 786(2) (f), and was within the statutory authority of the State Department of Revenue.” (45 Ala.App. at 590, 233 So.2d at 756)
We now reaffirm that prior holding. It is not unreasonable to define the operational reach of Tit. 51, § 786(2), Code of Ala. 1940, in its application to freight charges, as terminating at a certain point. It is also not unreasonable for that termination point to be where a third party carrier delivers the property sold.
The case is due to be reversed and remanded.
REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.